

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3954 | **DATE** | 11/28/2001 |
| **CASE TITLE** | Nena V. Jones vs. William J. Henderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The motion for summary judgment [13-2] brought by defendants William Henderson and the United States Postal Service is granted. Judgment is entered in favor of the defendants on all counts. This case is terminated. This is a final and appealable order.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | NOV 3 0 2001 | | 26 |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



NOV 3 0 2001

| | | |
|---|---|---|
| NENA V. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 00 C 3954    NOV 3 0 2001 |
| v. | ) | |
| | ) | District Judge Wayne R. Andersen |
| WILLIAM J. HENDERSON, | ) | |
| Postmaster General, United | ) | |
| States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendants William Henderson and the United States Postal Service's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, on their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the defendants' motion for summary judgment is granted.

### BACKGROUND

The facts are taken from the parties' statements of material facts filed pursuant to Local Rule 56.1. Plaintiff Nena Jones is an African-American woman who began working on May 11, 1996 as a distribution clerk in the priority opening unit at the United States Postal Service ("Postal Service") Fox Valley Processing and Distribution Center. Prior to that time, Jones also had been employed by the Postal Service but in other capacities. On April 16, 1998, Jones left her assigned post on the priority opening unit because she claimed she was experiencing severe visual hallucinations, including a perception that unidentified people were following or approaching her. She claims in

her complaint that she was incapable of distinguishing these hallucinations from reality. As it turns out, Jones was later diagnosed as suffering from major depression with schizo-attendance.

On April 28, 1998, Jones applied to the Postal Service for 534 hours of leave, retroactive to April 16, 1998, under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Accompanying her request for FMLA leave, Jones submitted to the Postal Service a form entitled "Notice of Need for Intermittent Leave or for Reduced Work Schedule - FMLA" on which the plaintiff's doctor, Margo Wolf, D.O., indicated that Jones would be absent from work from April 16, 1998 through July 16, 1998. After the Postal Service received the plaintiff's FMLA request, it sent numerous forms and instructions to Jones which stated that qualified employees were eligible for up to twelve weeks of unpaid leave under the Act per year. These forms and instructions also stated that employees seeking FMLA leave were required to support their applications with documentation from a health care provider stating the date upon which the serious health condition which prevented them from working began, the probable duration of the condition, and other appropriate facts. Further, these forms and instructions stated that Postal Service regulations implementing the FMLA required applicants to supply supporting medical information within 15 days after applying for leave. The Postal Service has attached these forms and instructions as an appendix to its Rule 56.1 Statement of Material Facts.

On May 27, 1998, the Postal Service sent the plaintiff a letter asking her to supply the required FMLA medical documentation explaining her continuous absence from work since April 16, 1998. The letter warned her that failure to supply the requested medical information might result in her removal from Postal employment for being absent without leave, and that she was required to present a return to work certification in order to resume her prior duties with the Postal



Service. Apparently, however, Jones believed the "Notice of Need for Intermittent Leave or for Reduced Work Schedule - FMLA" she filed on April 28 was sufficient to satisfy the Postal Service's FMLA medical documentation requirements. Nevertheless, on June 10, 1998, Jones sent the Postal Service a certification of health care provider form which had been sent to her by the Postal Service in response to her FMLA leave request. The form, again completed by Dr. Wolf, indicated that the plaintiff suffered from an undisclosed "serious health condition" since August 1996. However, Dr. Wolf did not state on the form how long Jones' "serious health condition" would last, nor did she indicate with any specificity how long Jones would need to be absent from work, except to say "until further notice."

On June 22, 1998, the Postal Service issued a letter of warning to the plaintiff for alleged violations of provisions of the Postal employee and labor relations manual, including a charge that Jones had been absent without leave since April 16, 1998. The plaintiff disputes that she was absent without leave from her post at the Fox Valley facility because it was her belief that she had submitted all the medical documentation required to process her request for FMLA leave. On June 25, 1998, however, the Postal Service again sent Jones a letter requesting that she provide further medical information to explain her continued absence. The record is clear that Jones did not provide additional documents at that time to support her FMLA leave request. As a result, a letter dated June 29, 1998 was sent to Jones informing her that she was being removed from the Postal Service because she had been absent without leave from her post since April 16, 1998. Both parties acknowledge that, for whatever reasons, Jones did not receive the notice of removal until July 29, 1998, a month after the letter was dated (perhaps it got lost in the mail).

On June 29, 2000, Jones filed the instant law suit against the Postal Service alleging that the defendants discharged her in violation of the FMLA. Curiously, the plaintiff also raised allegations of discrimination on the basis of race, color, and sex, which presumably are violations of Title VII of the Civil Rights Act of 1964. She also alleges that the Postal Service discharged her from her position in retaliation for making her complaints of workplace discrimination. However, the story of this case does not end there. The record indicates that not only did Jones file her FMLA complaint in this Court, but she also filed a formal grievance challenging her discharge with the American Postal Workers Union Fox Valley #7139. On September 13, 2000, a settlement was reached between the Postal Service and the union through which the Postal Service agreed to rescind and purge the Notice of Removal dated June 29, 1998 from Jones' employment record. In addition, by virtue of the settlement agreement, Jones agreed to resign her employment with the Postal Service "for personal reasons." Jones subsequently signed a form entitled "Resignation From the Postal Service" which indicated that the effective date of her resignation was September 13, 2000.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b), when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See Berthold Types, Ltd. v. Adobe Systems, Inc.*, 242 F.3d 772, 775 (7th Cir. 2001); *Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir. 2001). In this case, the defendants have styled the instant motion as a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) or in the alternative as a motion for summary judgment pursuant to F.R.Civ.P. 56. Since both the defendants and the plaintiff have attached numerous documents and exhibits to

their pleadings, and the Court has reviewed and considered these documents in resolving the instant motion, we will proceed as if this were a motion for summary judgment. *See Berthold Types*, 242 F.3d at 775. The plaintiff has acknowledged this procedural posture by filing a Rule 56.1 Statement of Material Facts and numerous briefs in opposition to the defendants' motion for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548 (1986).

In making this determination, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party and should not make credibility determinations or weigh evidence. *Association Milk Producers, Inc. v. Meadow Gold Dairies, Inc.*, 27 F.3d 268, 270 (7th Cir. 1994). The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) mandates

the entry of summary judgment against a party who fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. The production of only a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Anderson*, 477 U.S. at 252.

I.  **Statute of Limitations of the FMLA**

The FMLA gives an eligible employee the right to take up to 12 weeks of unpaid leave during a 12-month period for the birth, adoption, or assumption of foster care of a child, or for the care of a spouse or immediate family member with a serious health condition, or for a serious health condition that prevents the employee from performing the functions of his or her job. *See* 29 U.S.C. § 2612(a)(1). The FMLA was enacted because Congress found, among other things, "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4). The Act is intended to "balance the demands of the workplace with the needs of families" and "entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1) & (2). The FMLA seeks to accomplish these purposes "in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(3). Additionally, the FMLA provides that "any eligible employee who takes leave ... shall be entitled, on return from such leave--(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position." 29 U.S.C. § 2614(a)(1). Eligible employees are thus entitled to reinstatement to their former position or an equivalent one upon returning to work. *See* 29 U.S.C. § 2612(a)(1); 29 U.S.C. § 2614(a)(1).

The Postal Service argues that it is entitled to summary judgment because there is no genuine issue of material fact on the issue of whether Jones' complaint was filed within the FMLA's statute

6

of limitations. According to the FMLA, "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Thus, the question before the Court is whether Jones' June 29, 2000 complaint was filed within two years from her discharge from the Postal Service. We conclude that her complaint was properly filed.

There is a dispute between the parties as to the actual date on which the alleged violation of the FMLA took place. According to the Postal Service, the two year time period began on June 22, 1998 when the Postal Service issued a letter of warning for alleged violations of the Postal employee and labor relations manual, including being absent without leave. The Postal Service incorrectly believes that Jones has interpreted the June 22 letter as a denial of her April 16, 1998 request for FMLA leave, thus starting the clock on the statute of limitations. (*See* Memo in Support of Motion to Dismiss at 3.) The plaintiff, on the other hand, reasonably argues that the limitations period should begin to run when the Postal Service actually issued its Notice of Removal - an action which she claims is a violation of the protections afforded to employees by the FMLA.

On this point, we conclude that Jones has made the better argument. The clear and unambiguous language of the FMLA states that the two year limitations period begins to run on the date of the *last* event constituting the alleged violation for which the plaintiff seeks relief. In this case, Jones has alleged she was wrongly discharged by the Postal Service even though she was still entitled to a portion of the 12 week protected leave guaranteed by the FMLA. The record is clear that she was in fact removed from her position on June 29, 1998 when the Postal Service sent her a certified letter to that effect, and that is the date of the last event constituting the alleged FMLA violation. Interestingly, Jones did not receive the June 29 letter until a month later on July 29. Since

7

the Postal Service has not provided any satisfactory explanation for this delay, it is equally possible that July 29, 1998 is the date on which the limitations period commenced. In any event, we find that the two year statute of limitations began to run, at the earliest, on June 29, 1998. Therefore, since Jones filed her complaint on June 29, 2000, the instant complaint is timely.

## II. Effect of Plaintiff's Voluntary Resignation

The Postal Service has also raised a variety of arguments in support of the motion for summary judgment that go to the merits of Jones' FMLA allegations. Specifically, the Postal Service has argued that it is entitled to judgment as a matter of law because Jones resigned from the Postal Service on September 13, 2000 in accord with the settlement agreement reached between the Postal Service and the plaintiff's union. According to the Postal Service, this agreement had the effect of extinguishing any justiciable case or controversy before this Court because the legal and factual disputes had already been resolved. We agree.

While we have not been able to find any Seventh Circuit precedent on this point, other federal courts have held that when an employee voluntarily resigns from her position, she cannot then claim that she suffered an adverse employment decision under the FMLA. *See Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 447 (6th Cir. 1999) (plaintiff's voluntary resignation precluded relief under ADA, FMLA, and ERISA); *Keever v. City of Middletown*, 145 F.3d 809, 813 (6th Cir. 1998) (affirming the lower court's decision that an employee who voluntarily resigned did not suffer an adverse employment decision under the ADA or FMLA); *Bowden v. Bill Dodge Buick-GMC Truck, Inc.*, 2000 WL 1061226, at *3 (D. Me. July 28, 2000) (voluntary resignation acts to terminate any claim under the FMLA). The reason for this rule of law is obvious. In almost any dispute, the best resolution that can be reached is one that is jointly agreed to by the parties, as opposed to one

crafted and imposed by a court. The parties to the dispute are the most knowledgeable about the facts and have a much better understanding of what is a favorable result. Consequently, courts are strongly inclined to give force and effect to settlement agreements reached by the parties.

Given the strong policy associated with judicial enforcement of settlement agreements, we must grant summary judgment to the Postal Service because the September 13, 2000 settlement agreement definitively disposes of Jones' FMLA allegations. To illustrate this point, we have listed below the components of the settlement agreement:

1. It is agreed between the parties that the Notice of Removal dated June 29, 1998 is hereby rescinded and removed from the grievant's record.

2. It is agreed and understood by the parties that the grievant will not be entitled to any back pay.

3. It is agreed between the parties that by virtue of this agreement, the grievant is resigning her employment with the Postal Service for personal reasons.

4. It is agreed and understood between the parties that the PS Form 50, Notification of Personnel Action, will be coded as a Resignation for Personal Reasons.

5. It is agreed that PS Form 2574, Resignation From the Postal Service, will be mailed to the grievant's address of record. It is agreed that the grievant will forward the PS Form 2574 . . . to the Fox Valley Facility . . . within three days from her receipt. It is agreed that the effective date of the resignation will be September 13, 2000.

6. The above constitutes a full and complete settlement of the above cited grievance [Jones' FMLA complaint] and resolves any and all issues pertaining thereto.

Further, included in the record is a photocopy of PS Form 2574, which is the document entitled "Resignation From the Postal Service" referenced in item 5 of the settlement agreement. The document is signed by the plaintiff and dated September 13, 2000. This is very compelling evidence

9

that the FMLA complaint registered by Jones in 1998 was resolved by the parties mutually and that this Court does not have jurisdiction to hear her complaint.

In response to this argument, Jones argues she was not a party to the settlement agreement and that she did not receive notice of the settlement until it was later faxed to her home. Additionally, she denies that she ever resigned from the Postal Service because that "would be in conflict to the Plaintiff's original grievance." (Plaintiff's Amended Response to Local Rule 56.1 Statement of Material Facts at 7.) These contentions are not supported by any independent facts or documents. In fact, her contentions are completely contrary to the authenticated documents in the record. We find, therefore, that the settlement agreement of September 13, 2000 is a valid and binding document. The June 29, 1998 Notice of Removal was rescinded and Jones voluntarily resigned from her position at the Postal Service as of September 13, 2000. Further, the dispute that was underlying the instant complaint has been mutually resolved. Therefore, Jones' FMLA claim has been effectively terminated. Summary judgment is granted in favor of the Postal Service.

### III.    Miscellaneous

In her response to the Postal Service's original motion for summary judgment, Jones, for the first time, indicated that the actions of the Postal Service also constituted violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq*. Irregardless of the propriety of raising an additional claim in a response to a motion for summary judgment, the plaintiff's purported ADA claim must fail. As correctly pointed out in the defendants' brief, the Postal Service, as a federal employer, is explicitly excluded by statute from the operation of the ADA. *See* 42 U.S.C. § 1211(5)(B)(i); *Ozlowski v. Henderson*, 237 F.3d 837, 841 (7th Cir. 2001) (ADA does not apply to

Postmaster or Postal Service, a government employer). Therefore, the Postal Service is entitled to summary judgment on Jones' purported ADA claim as well.

Additionally, Jones, in paragraphs 5 through 11 of her complaint, alleges claims of harassment and illegal employment discrimination in violation of Title VII of the Civil Rights Act of 1963. While that, in and of itself, is unremarkable, what is noteworthy is that these are the same claims that were previously rejected by this Court when we granted the Postal Service's motion for summary judgment against Jones' Title VII complaint in July 2000. *See Jones v. Henderson*, 99 C 1819 (N.D. Ill. July 17, 2000) (Leinenweber, J.). As Jones chose not to file an appeal of that decision, we conclude that any discussion of these discrimination claims would be barred by the doctrine of *res judicata*. *See Rizzo v. Sheahan*, 266 F.3d 705, 714 (7th Cir. 2001). Therefore, the Postal Service is entitled to judgment as a matter of law on these employment discrimination claims.

## CONCLUSION

The motion for summary judgment brought by defendants William Henderson and the United States Postal Service is granted. Judgment is entered in favor of the defendants on all counts. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 28, 2001

11